HUNTLEY and others *against* DAVIS :

IN ERROR.

THIS was a *qui tam* prosecution on the statute " to prevent unseasonable night walking, and for punishing disorders committed in the night season,"(a) against *Huntley* and others, alleging that on the night of the 1st of *January* 1815, the defendants entered upon the complainant's land, and with force and arms, and against the peace, cut, girdled and destroyed forty-eight apple trees, and two pear trees, then and there growing, of the value of five hundred dollars, and to the damage of the complainant five hundred dollars.

In a *qui tam* prosecution on the statute for punishing disorders committed in the night season (*tit.* 119.), where the damage claimed exceeded seventy dollars, it was held that the defendant was entitled to an appeal from the county to the superior court,

(a) *Tit.* 119.

*Hartford,*
November,
1815.

Huntley
*v.*
Davis.

The defendants were tried before the county court on the plea of *not guilty;* and the jury found a verdict against them, with one hundred and fifty dollars damages. The court accepted the verdict, and also inflicted a fine on the defendants of twelve dollars payable to the county treasurer. The defendants then moved for liberty to appeal the cause to the superior court. This motion was denied. The defendants filed a bill of exceptions, and then brought a writ of error in the superior court, which was continued to the next term, for the purpose of taking the advice of the nine Judges in the mean time on the question of law.

*Peters,* for the plaintiffs in error, relied upon the words of the statute(a) as conclusive in favour of the right of appeal. This case is very distinguishable from *Coit* v. *Geer, Kirby* 269. which was an action *qui tam* for theft, and the appeal was not sustained; for there the defendant had been acquitted of a crime to which the law has annexed a corporal punishment, and the effect of the appeal would be to put him in jeopardy twice for the same offence. Here the judgment is only for the payment of a sum of money; and it is the defendant himself who moves for the appeal.

*W. Perkins,* for the defendant in error, contended that if a right of appeal existed in this case, it belonged equally to both parties; and if the complainant could appeal, the defendant might be put in jeopardy twice, in opposition to a fundamental principle of law. In *England* there is no instance of a new trial where the party has been proceeded against *criminaliter.* 5 *Com. Dig.* 493. (*Rose's* edit.) *Anon.* 3 *Salk.* 362. *Rex* v. *Silverton,* 1 *Wils.* 298. *Fonereau* v. ———, 3 *Wils.* 59. *Mattison,* q. t. v. *Allanson,* 2 *Stra.* 1238. In *Dormer* v. *Walker,* before the superior court in *Tolland* county, which was a prosecution on this statute, the question came up whether the court could send out the jury to reconsider their verdict; and it was decided that they could not.

SWIFT, Ch. J. The question in this case is, whether a *qui tam* prosecution on the statute for punishing disorders committed in the night season is appealable from the county to the superior court? The statute respecting appeals enacts,

(*a*) *Tit.* 6. *c.* 1. *s.* 15.

that in any action brought to, heard and tried by any county court, wherein the title of land is in question, or wherein the value of the debt, damage or matter in dispute shall exceed the value of seventy dollars, except it be on bond or note vouched by two witnesses, either party may appeal to the superior court.(*a*) These words are sufficiently comprehensive to include every possible action that can be brought by parties. The present case is an action wherein the damage or matter in dispute exceeds the value of seventy dollars. It is unnecessary to decide whether this action be civil, criminal, or partaking of the nature of both; for it can make no difference as to the right of appeal. It is, at any rate, an action between two parties, wherein the matter in dispute exceeds seventy dollars : it comes within the express words of the statute, and is appealable. Though there has been some doubt respecting the construction of this statute, some variety in the practice, and contradiction in the decisions; yet it is too explicit to be misunderstood, and too imperative to be disobeyed. For this construction there is the strongest reason. It is inconsistent that in ordinary actions appeals should be allowed, and be prohibited in *qui tam* prosecutions on statutes, where the demand in damages may be equally important in point of sum, and the matter in dispute equally interesting in point of character.

I would advise the superior court that there is error in the judgment complained of.

In this opinion the other Judges severally concurred.

Judgment to be reversed.

(*a*) *Tit.* 6. *c.* 1. *s.* 15.